

IN THE
TENTH COURT OF APPEALS

_____

No. 10-12-00081-CR

GREGORY D. CARGILE,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

From the 77th District Court
Limestone County, Texas
Trial Court No. 12055-A

_____

MEMORANDUM OPINION

_____

Gregory D. Cargile attempts to appeal from his conviction for possession with intent to deliver a controlled substance, a first-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (West 2010). By a letter dated March 6, 2012, the Clerk of this Court notified Cargile that his appeal was subject to dismissal because: (1) the trial court's certificate of right of appeal indicated that Cargile entered into a plea-bargain agreement with the State and, thus, did not have a right to appeal; and (2) his notice of

appeal was filed approximately two years after his sentence was imposed.[1] *See* TEX. R.

APP. P. 25.2(d), 26.2(a)(1); *see also id.* at R. 25.2(b), 26.2(a) (providing, among other things,

that a defendant must file his notice of appeal within thirty days after the sentence is

imposed or after entry of an appealable order or within ninety days after the sentence is

imposed if a motion for new trial is timely filed). The Clerk warned Cargile that his

appeal would be dismissed unless, within twenty-one days of the date of the letter, a

response was filed showing grounds for continuing the appeal. *See id.* at R. 44.3. In

response to this Court's letter, Cargile filed a docketing statement in which he alleged

that he was provided ineffective assistance of counsel and erroneously stated that the

trial court's certification indicated that he had a right to appeal. Cargile did not explain

why his notice of appeal was not timely filed, nor did he challenge his signing of the

"Waiver of Appeal."

Cargile pleaded guilty to the offense of possession with intent to deliver a

controlled substance pursuant to a plea-bargain agreement with the State. In a plea-

bargain case, a defendant may only appeal: (1) those matters raised by written motion

and ruled upon before trial; or (2) after getting the trial court's permission to appeal. *Id.*

at R. 25.2(a)(2). Cargile is not appealing a matter raised by motion filed before trial, and

the trial court did not give him permission to appeal this matter. A court of appeals,

while having jurisdiction to ascertain whether an appellant who plea bargained is

---

[1] The trial court's certification also indicates that, in addition to Cargile not having the right to appeal because he entered into a plea-bargain agreement with the State, he also waived his right to appeal. In fact, the Clerk's Record in this matter includes a "Waiver of Appeal" signed by Cargile on March 31, 2010. Under either designation, it is clear that Cargile does not have a right to appeal in this matter. *See* TEX. R. APP. P. 25.2(d).

permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal. *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006). Cargile has no right of appeal in this case, and he does not satisfy either of the exceptions stated in Rule 25.2(a)(2). *See* TEX. R. APP. 25.2(a)(2); *see also Chavez*, 183 S.W.3d at 680. In such circumstances, no inquiry into even possibly meritorious claims may be made. *See Chavez*, 183 S.W.3d at 680.

Furthermore, Cargile's notice of appeal is untimely—a fact which also deprives this Court of jurisdiction over this matter. *See* TEX. R. APP. P. 26.2(a); *see also Morrison v. State*, No. 10-11-00157-CR, 2011 Tex. App. LEXIS 5011, at **1-2 (Tex. App.—Waco June 29, 2011, no pet.) (mem. op., not designated for publication) (dismissing a defendant's appeal for lack of jurisdiction because, among other things, he did not timely file his notice of appeal). Based on the foregoing, we dismiss Cargile's appeal for lack of jurisdiction.

AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Dismissed
Opinion delivered and filed April 11, 2012
Do Not Publish
[CR25]